UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DARRELL HANCOCK and JENNIFER HANCOCK, Individually and on Behalf of ETHAN HANCOCK** | * * * * | **CIVIL ACTION** <br><br> **NO.** |
| **VERSUS** | * * | **SECTION** |
| **HIGMAN BARGE LINES, INC.** | * * * | **JUDGE** <br><br> **MAGISTRATE JUDGE** |

*******************************************

## COMPLAINT FOR DAMAGES

**NOW COME** Plaintiffs, Darrell D. Hancock and Jennifer L. Hancock, individually, and on behalf of their deceased son, Ethan Hancock, through the undersigned counsel, who do allege and represent as follows:

1.

Jurisdiction exists pursuant to Article III, Section 2 of the United States Constitution which empowers maritime jurisdiction and by 28 U.S.C. §1333. Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction to claims arising pursuant to the laws of the State of Louisiana. In addition to the jurisdiction conferred by 28 U.S.C. §1333, the parties to this action are diverse and jurisdiction is appropriate pursuant to 28 U.S.C. §1331.

2.

Plaintiff, Darrell D. Hancock (sometimes hereafter "Darrell Hancock"), is a resident and domiciliary of the City of Houma located in Terrebonne Parish, Louisiana.

3.

Plaintiff, Jennifer L. Hancock (sometimes hereafter "Jennifer Hancock"), is a resident and domiciliary of the City of Houma located in Terrebonne Parish, Louisiana.

4.

Darrell and Jennifer Hancock are married and were the natural parents of the now deceased Ethan Hancock who was five (5) years old at all times pertinent hereto.

5.

Jennifer Hancock is the legal representative of the Succession of Ethan Hancock.

6.

Made Defendants herein are Higman Barge Lines, Inc., Higman Marine Services and Higman Service Corporation. Upon information and belief, Higman Barge Lines, Inc. is also known as Higman Service Corporation, and Higman Barge Lines, Inc. is also known as Higman Marine Services (sometimes referred to collectively simply as "Higman Barge Lines").

7.

Higman Barge Lines is a Delaware corporation authorized to do and doing business in the State of Louisiana with a principal place of business in Louisiana located at 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808 and whose registered office in Louisiana is located at 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816. The agent registered for service of process in Louisiana is CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

8.

At all times pertinent hereto, Higman Barge Lines was the owner, master and operator of the vessel M/V Trinity Bay.

9.

Defendants, Higman Barge Lines, are severally, jointly and solidarily indebted unto the Plaintiffs, Darrell Hancock and Jennifer Hancock, individually and on behalf of their deceased son, Ethan Hancock, for all damages as are just and reasonable for the following:

10.

On the evening of July 30, 2016, Darrell Hancock took his son, Ethan Hancock, recreationally fishing or "frogging" in the waning days of Ethan's summer vacation, launching from a dock in Bourg, Louisiana. As usual, Ethan Hancock put on his life jacket before leaving from the dock.

11.

Darrell and Ethan Hancock were joined by family and friends on the expedition and were operating a sixteen (16) foot long mudboat searching for frogs in the bays and bayous in and around Terrebonne Parish and Lafourche Parish in Louisiana.

12.

After the night of frogging was completed, Darrell and Ethan Hancock dropped off the other people in the frogging party and were alone in the vessel on the Company Canal near the Intracoastal Waterway in Lafourche Parish, Louisiana when their vessel ran out of fuel.

13.

In an attempt to reach a docking area to await more fuel, Darrell Hancock began manually piloting the vessel across the Intracoastal Waterway, when suddenly the M/V Trinity Bay began bearing down on them while pushing two empty barges. Darrell and Ethan Hancock's vessel was immobile due to the confluence of the currents of the two waterways.

14.

When the M/V Trinity Bay was first noticed, Darrell Hancock signaled using a light to warn the M/V Trinity Bay, its captain and crew that the vessel piloted by Darrell Hancock was in distress. At all times pertinent, the running and signal lights of the vessel which Darrell and Ethan were on and lit.

15.

Upon information and belief, the captain and crew of the vessel M/V Trinity Bay saw Darrell Hancock and Ethan Hancock and saw that they were in distress. The spot light of the M/V Trinity Bay was shined on Darrell Hancock and Ethan Hancock's vessel, and it was obvious they were in need of assistance.

16.

Instead of slowing, the M/V Trinity Bay continued at a rapid rate towards Darrell and Ethan Hancock.

17.

Seeing that the M/V Trinity Bay was not slowing and that it was on a collision course with their vessel, Darrell Hancock grabbed his son, Ethan, and jumped from their vessel to attempt to swim away from the M/V Trinity Bay as it was about to strike them.

18.

Due to the speed of the M/V Trinity Bay, a suction was created that swept Darrell and Ethan Hancock under the barge being pushed by the M/V Trinity Bay.

19.

When sucked under the M/V Trinity Bay's attached barge, Darrell Hancock's head was struck, and he lost grip of his son. Ethan Hancock tried to hold onto his father but was unable to keep a grip under the force of the M/V Trinity Bay's excessive power.

20.

Darrell Hancock swam out from under the barge pushed by the M/V Trinity Bay and pleaded for help from the captain and crew of the M/V Trinity Bay. The M/V Trinity Bay stopped its forward movement and pushed the barges into the shallows of the Intracoastal Waterway to immobilize the vessel.

21.

Darrell Hancock climbed back onto his mudboat and began using a paddle to desperately search for his son with no assistance from the captain or crew of the M/V Trinity Bay.

22.

The authorities were called by persons who arrived on the scene, including Ethan Hancock's mother Jennifer Hancock, soon after the accident. A report was then made to local law enforcement who, with the United States Coast Guard and the Louisiana Department of Wildlife and Fisheries, joined Darrell Hancock in the rescue effort soon after the accident.

23.

In the early morning of July 31, 2016, Ethan Hancock's body was located by the search party underneath a barge pushed by the M/V Trinity Bay. The M/V Trinity Bay was moved to free Ethan Hancock while Darrell and Jennifer Hancock were present. The rescuers were unable to resuscitate Ethan Hancock, and he was pronounced dead that morning.

24.

Through no fault of his own, Ethan Hancock suffered a terrifying and painful death.

25.

Through no fault of their own, Darrell and Jennifer Hancock also suffered severe injury as a result of the above described accident. Darrell Hancock was injured, is suffering from painful and debilitating mental injuries, emotional injuries and suffered damage to and loss of personal property. Jennifer Hancock suffered and continues to suffer from mental, emotional and painful injuries. Both Darrell and Jennifer Hancock have had to care for the mental and emotional injuries of Ethan Hancock's surviving minor siblings living with them. Further, Plaintiffs suffered loss of enjoyment of life, loss of companionship, and other general damages.

26.

Higman Barge Lines are vicariously liable for the negligence, actions and inactions of their employees, captain, crew, representatives, agents and workers through the theory of respondeat superior.

27.

The aforementioned accident and injuries of Ethan Hancock, Darrell Hancock and Jennifer Hancock were proximately caused by the negligence, actions and inactions of the Defendants, Higman Barge Lines, in the following, non-exclusive, particulars:

   a. Breach of a legally imposed duty of reasonable care owed by Defendants to the Plaintiffs;
   b. Failure to properly train employees, captain and crew;
   c. Failure to provide proper supervision;
   d. Failure to warn Plaintiffs of the impending danger;

e. Negligently operating a motor vessel;

f. Negligent instruction of emergency protocol;

g. Failure to keep a proper lookout;

h. Failure to assist a distressed vessel;

i. Failure to aid in rescue;

j. Failure to prevent a collision;

k. Failure to maintain a safe speed;

l. Failure to provide appropriate equipment;

m. Failure to provide adequate personnel;

n. Negligently creating a dangerous condition;

o. Failure to make use of radar equipment;

p. Failure to alter course to avoid collision;

q. Failure to exercise good seamanship;

r. Violations of rules and regulations promulgated by the United States Coast Guard pursuant to 33 U.S.C. §2071; and

s. Any and all other acts of negligence to be proven at or before the trial of this matter.

28.

At the time of the above-described accident, the vessel, M/V Trinity Bay, its appurtenances, barges being pushed, and/or the captain and crew were unseaworthy. The injuries of the Plaintiffs described above were proximately caused by the M/V Trinity Bay's unseaworthiness.

29.

Defendants are liable to the Plaintiffs for all damages described herein pursuant to state law including any state laws which may be supplementary to general maritime law or applicable where the general maritime law is silent.

30.

The wanton and reckless actions and inactions of the Defendants along with the unseaworthy condition of the vessel, all described herein, rise to the level that imposition of punitive damages are appropriate.

31.

Plaintiffs pray that they be awarded damages which are non-exclusively listed as follows:

a). Loss of wages and wage earning capacity;

b). Loss of society;

c). Medical expenses;

d). Loss of enjoyment of life;

e). Damages for the wrongful death of Ethan Hancock;

f). Damages for the survival action of Ethan Hancock;

g). Property damage;

h). Punitive damages; and

i). Any and all damages which will be proved before or at the trial of this cause.

32.

Plaintiffs pray that this matter be heard and decided by a jury.

**WHEREFORE,** Plaintiffs, Darrell D. Hancock and Jennifer L. Hancock, individually, and on behalf of their deceased son, Ethan Hancock, pray that Defendants, Higman Barge Lines, Inc., Higman Marines Services, and Higman Service Corporation, be summoned and served with this complaint and answer the complaint within the delays allowed by law and that after the expiration of all legal delays and after due proceedings, that there be a judgment rendered herein in the Plaintiffs favor, and against the Defendants, for such damages as are just and reasonable in the premises, together with legal interest thereon from either the date of injury or the date of judicial demand until paid and for all costs of these proceedings. Plaintiffs further pray that this matter be heard by a jury and for all general and specific relief petitioned and for all other just and equitable relief as may be reasonable in the premises.

Respectfully Submitted,

/s/ V. Jacob Garbin
V. JACOB GARBIN, LA BAR NO. 27808
Garbin Law Firm, LLC
535 Derbigny Street
Gretna, Louisiana 70053
(504)217-5454 Telephone
(504)217-5300 Facsimile
jacob@garbinlaw.com

PLEASE ISSUE SUMMONS FILED HEREWITH